UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SUSAN BRADFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-CV-240 |
| ) | (VARLAN/SHIRLEY) |
| METROPOLITAN LIFE ) | |
| INSURANCE COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM & ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 22] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of the Plaintiff's Motion to Compel a Response to Plaintiff's Discovery Request [Doc. 20].

I.

The plaintiff Susan Bradford claims that the defendants improperly denied her claim for long term disability benefits under an ERISA benefits plan and that she is entitled to payment of plan benefits under 29 U.S.C. § 1132(a)(1)(B). [Doc. 1]. In connection with her claim, the plaintiff served several interrogatories upon the defendant Metropolitan Life Insurance Company ("MetLife") regarding Dr. Robert Porter and Dr. Tracey Schmidt, the doctors who reviewed her medical file. These interrogatories seek information regarding the relationship between MetLife and these doctors; whether these doctors were employed by MetLife or by companies affiliated with or subsidiaries of MetLife; the manner in which these doctors were paid and the amount; whether their

reviews were obtained directly by MetLife or through a medical consulting firm; the number of files each doctor reviews for MetLife each year and the total amount paid for those services; and the specific documents provided to each doctor for review, any instructions they were given or any specific questions they were asked. [Doc. 21 Ex. 1]. MetLife refused to respond to any of the propounded discovery, and this motion followed.

The plaintiff argues that the propounded discovery seeks evidence that is both relevant and admissible in an ERISA action. The plaintiff further argues that under recent Sixth Circuit decisions, the propounded discovery is proper and should be allowed, even without any initial threshold showing of bias or a lack of procedural due process. Finally, the plaintiff contends that even if such an initial threshold showing was required to justify discovery, she has satisfied that burden in this case. [Doc. 21].

The defendants oppose the plaintiff's motion, arguing that controlling precedent from this Court and the Sixth Circuit requires the plaintiff to make an initial evidentiary showing as a prerequisite to discovery. The defendants argue that the statements relied upon by the plaintiff from recent Sixth Circuit decisions are merely dicta and do not compel a contrary conclusion. Moreover, the defendants contend, the plaintiff has failed to make an initial evidentiary showing of bias. Accordingly, they argue, the plaintiff's motion should be denied. [Doc. 23].

II.

As a general rule, parties in a civil action "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

2

In an ERISA action, however, these usual discovery parameters do not apply. In such cases, the Court's review of a denial of benefits under a qualified employee welfare benefits plan is ordinarily limited to consideration of the administrative record upon which the denial was based. Wilkins v. Baptist Healthcare System, Inc., 150 F.3d 609, 615 (6th Cir. 1998); Perry v. Simplicity Eng'g, 900 F.2d 963, 966 (6th Cir. 1990). The Sixth Circuit, however, has recognized that, in some limited instances, consideration of evidence outside the administrative record may be appropriate:

> The district court may consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part. This also means that any prehearing discovery at the district court level should be limited to such procedural challenges.

Wilkins, 150 F.3d at 619. This holding "implies a claimant must identify the specific procedural challenge(s) about which he complains and that discovery must then be limited to those procedural challenges." Bennett v. Unum Life Ins. Co., 321 F. Supp. 2d 925, 932 (E.D. Tenn. 2004).

In Bennett, the plaintiff sought information from the defendant outside the administrative record in an effort to show bias, conflicts of interest, and denial of due process on the part of the administrator. Id. at 928. Citing Wilkins and several district court opinions within the Sixth Circuit, Magistrate Judge Carter concluded that "consideration of evidence outside the record of conflicts of interest, bias, and denial of due process is appropriate in certain circumstances." To determine under which circumstances such evidence would be appropriate, the Court considered the competing interests of the parties:

> A primary goal of ERISA was to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously. Permitting or requiring district courts to consider evidence from both parties that was not presented to the plan administrator would seriously impair the achievement of that goal.

> At the same time, ERISA was enacted to promote the interests of employees and their beneficiaries in employment benefit plans and to protect their contractually defined benefits. In this regard, courts have the duty to review decisions denying ERISA benefits for conflicts of interest, bias, and denial of due process, *i.e.* procedural irregularities, on the part of the plan administrator or fiduciary . . . A rule requiring courts to ignore evidence of serious procedural irregularities solely because they are not apparent on the face of the record seems extreme and would unduly tie the courts' hands in conducting its duties under ERISA.

Id. at 931-32 (citations and quotation marks omitted). In light of Sixth Circuit precedent and the competing interests of the parties, Judge Carter concluded that a "middle of the road" approach was appropriate with respect to discovery in ERISA cases, and therefore held as follows:

> [W]here a claimant 1) identifies specific procedural challenges concerning a fiduciary's decision to deny or terminate ERISA benefits, and 2) makes an initial showing to the court that he has a reasonable basis to make such procedural challenges, then good cause exists to permit the plaintiff to conduct appropriate discovery.

Id. at 933. The Court went on to determine that Bennett had made a sufficient threshold showing that the administrator's decision to terminate her disability benefits may have been a result of bias and a conflict of interest. Accordingly, the Court permitted the plaintiff to engage in discovery as to the specifically identified procedural challenges. Id. at 936.

The plaintiff contends that the initial threshold showing discussed in Bennett is no longer required in the Sixth Circuit. In support of this contention, the plaintiff cites two recent Sixth Circuit opinions, Calvert v. Firstar Finance, Inc., 409 F.3d 286 (6th Cir. 2005), and Kalish v. Liberty Mutual Life Assurance Co., 419 F.3d 501 (6th Cir. 2005). In Calvert, the plaintiff argued on appeal that the Court should apply a less deferential standard of review on the grounds that the insurer, as both the decisionmaker and payer of benefits, had an inherent conflict of interest. Calvert, 409 F.3d

4

at 292. The Court held that application of the arbitrary and capricious standard would adequately take into account this conflict of interest. Id. at 293. The Court noted in a footnote, however, as follows:

> The Court would have a better feel for the weight to accord this conflict of interest if Calvert had explored the issue through discovery. While Calvert's counsel asserted that it was his understanding that discovery is never permissible in an ERISA action premised on a review of the administrative record, an exception to that rule exists where a plaintiff seeks to pursue a decision-maker's bias.

Id. at 293 n.2. In Kalish, the plaintiff sought to discredit the opinions of the medical reviewers on the grounds of their inherent bias towards the insurer. 419 F.3d at 507. The Court rejected the plaintiff's argument, finding that the plaintiff had offered only "conclusory allegations of bias" and had failed to offer any statistical evidence that the reviewing doctor had consistently opined that claimants were not disabled. Id. at 508. In so holding, the Court cited its remark in Calvert that the plaintiff should have explored his allegations of bias through discovery. Id.

The plaintiff argues that in neither of these cases did the Sixth Circuit mention any requirement of an initial showing of bias before permitting discovery, and therefore, such requirement is no longer applicable. The defendants contend that discovery was neither sought nor obtained in these cases, and therefore, the Sixth Circuit's comments regarding discovery are merely dicta. The plaintiff counters that to dismiss the Court's comments as dicta "would essentially overrule the reasoning of the Sixth Circuit."

The Court agrees with the defendants that the statements in Kalish and Calvert are dicta and are therefore not dispositive of the issue presently before the Court. While it appears that the Sixth Circuit believed that some discovery should have been pursued by the plaintiffs in those

5

cases, neither plaintiff had in fact done so; accordingly, the Sixth Circuit did not address (nor did it need to) whether any predicate showing to justify such discovery had been made, or whether such a predicate showing in fact was or was not required. Thus, the fact that neither opinion mentions a requirement of an initial showing is simply not determinative of the issue of whether such a showing is required before discovery may be conducted in this Circuit.

The Sixth Circuit did address the requirement of an initial showing, however, in Putney v. Medical Mutual of Ohio, 111 Fed. Appx. 803 (6th Cir. Sep. 20, 2004). In that case, the plaintiff argued that the district court erred in denying him discovery on his procedural challenge to the denial of his disability benefits claim. Id. at 806. The Court rejected the plaintiff's argument, holding as follows:

> Putney presented virtually no evidence of procedural violations. First, the district court correctly held that Putney presented absolutely no evidence of bias. **The record does not reflect that he provided any facts to support a claim that discovery might lead to such evidence**, and he has not revealed any such facts in the joint appendix. Putney's mere allegation of bias is not sufficient to permit discovery under Wilkins' exception. Second, Putney's claim that Medical Mutual refused to permit him to submit information during his administrative appeal is also a "mere allegation," insufficient to require discovery. Putney's brief before this court points to no evidence supporting his allegation that Medical Mutual did not permit him to develop the administrative record.

Id. at 807 (emphasis added).

Based upon my review of the relevant Sixth Circuit authority, I conclude that the initial threshold showing, as stated in Bennett, is still applicable in this Circuit. Thus, in order to engage in discovery in this case, the plaintiff must first identify specific procedural challenges concerning the decision to deny or terminate ERISA benefits. Second, the plaintiff must make an initial showing to the Court that she has a reasonable basis to make such procedural challenges.

Only then will the Court find good cause to permit the plaintiff to conduct appropriate discovery. See Bennett, 321 F. Supp. 2d at 933.

III.

Having determined the appropriate standard to be applied, the Court will now address whether the plaintiff has demonstrated good cause to engage in discovery with respect to the alleged bias on the part of the reviewing physicians. The plaintiff asserts that she has satisfied this burden by showing that MetLife has "a habit of using the same doctors over and over again." Specifically, the plaintiff cites to information produced by MetLife in another case, Winkler v. Metropolitan Life Ins. Co.,[1] which reveals that in 2003, MetLife consulted with a Dr. Greenhood 1,536 times on disability claims, amounting to 80% of Dr. Greenhood's workload; with a Dr. Kilburn 414 times, accounting for 33% of his workload; and with a Dr. Shallcross 287 times, accounting for 40% of his workload. The plaintiff also points to evidence produced in litigation pending in the Southern District of Texas that establishes that Dr. Porter, one of the reviewing physicians in the present case, is the president and CEO of Network Medical Review Company ("NMR"), a company which contracts with MetLife and which performed 850 file reviews for MetLife in 2003, receiving over $550,000 in compensation. The plaintiff also relies upon the fact that the Seventh Circuit, in dicta, has noted that MetLife uses NMR "extensively." See Ladd v. ITT Corp., 148 F.3d 753, 755 (7th Cir. 1998).

The Court finds that the plaintiff has failed to make any showing to justify discovery with respect to Dr. Schmidt. Moreover, there is no evidence before the Court to suggest that the three physicians referenced in Winkler were involved in the review of Bradford's claim. With

---

[1] It is unclear from the record where the Winkler case was litigated.

7

respect to Dr. Porter, however, the Court finds that the plaintiff has made an adequate showing to justify limited discovery in this case regarding alleged bias.  Accordingly, the plaintiff will be permitted to propound interrogatories nos. 1-5 with respect to Dr. Porter only.  In so holding, the Court makes no determination as to whether the District Court should consider such extra-record evidence in the course of its review.  That question is premature at this time and is a matter best left for the District Court to decide.

IV.

For the foregoing reasons, Plaintiff's Motion to Compel a Response to Plaintiff's Discovery Request [Doc. 20] is **GRANTED IN PART** and **DENIED IN PART**.  The defendant is hereby **ORDERED** to respond to the plaintiff's discovery within twenty (20) days of the entry of this Order.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge