UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SUSAN BRADFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:05-CV-240 |
| ) | (VARLAN/GUYTON) |
| METROPOLITAN LIFE INSURANCE ) | |
| COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This ERISA case is before the Court on the plaintiff's Motion to Amend the Court's Order Regarding Discovery to Allow Interlocutory Appeal [Doc. 30]. As set forth in plaintiff's supporting brief [Doc. 31], the plaintiff requests that the Court amend its June 1, 2006 Order [Doc. 29] to allow the plaintiff to take an interlocutory appeal on the issue of discovery in an ERISA case. As reflected in the record, the Court permitted the plaintiff to take discovery as to Dr. Porter, but denied the plaintiff's request to take discovery as to Dr. Schmidt. The plaintiff contends that this issue is appropriate for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Plaintiff suggests that a resolution of this issue by the Sixth Circuit will clarify the issue for many cases in this district and would advance the ultimate termination of the instant case. The defendants have responded in opposition [Doc. 32] by arguing that the plaintiff has failed to satisfy any of the criteria for an interlocutory appeal.

This Court may allow an interlocutory appeal from an otherwise non-appealable order if it "involves a controlling question of law as to which there is substantial ground for

difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). Such review is granted sparingly and only in exceptional cases. *Id*. The Court agrees with the defendants that this is not an exceptional case.

The issue of what preliminary showing, if any, must be made to take discovery as to bias in an ERISA case is not a controlling question of law. Regardless of how that issue is resolved, this Court must still review the administrative record and determine whether the defendants acted arbitrarily and capriciously to deny plaintiff benefits. An interlocutory appeal and decision on discovery will not materially advance the resolution of that decision on the merits and, indeed, would delay such resolution. While there appears to be some difference of opinion or, at least, lack of clarity on the issue within the Circuit, the issue has been preserved in this case and may be presented, if desired, by the parties upon appeal after a decision on the merits. Accordingly, the Court finds that an interlocutory appeal of its June 1, 2006 Order is not appropriate and plaintiff's motion [Doc. 30] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE