UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SUSAN BRADFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:05-CV-240 |
| ) | (VARLAN/GUYTON) |
| METROPOLITAN LIFE INSURANCE ) | |
| COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on Plaintiff's Motion for Attorney's Fees [Doc. 47] and Motion for Order of Benefits and Other Damages [Doc. 50]. Plaintiff moves the Court to order defendants to pay plaintiff's reasonable attorney's fees, costs, and past due benefits with prejudgment interest. Defendants oppose plaintiff's motions [Docs. 52, 53, 54]. For the reasons set forth herein, the Court will grant plaintiff's motion for order of benefits and other damages [Doc.50] and deny plaintiff's motion for attorney's fees [Doc. 47].

**I.     Relevant Facts**

Plaintiff Susan Bradford ("Plaintiff") was previously employed as a Senior Auditor for Bechtel Jacobs LLC ("Bechtel"). Plaintiff was eligible for benefits under Bechtel's Long Term Disability Plan (hereinafter the "Plan"). The Plan is funded through a Metropolitan Life Insurance Company ("MetLife") insurance policy, and MetLife also administers the

Plan. Plaintiff ceased work on August 19, 2002, and filed an application for short term disability benefits. Plaintiff was granted the maximum period of short term disability benefits, payable from August 20, 2002 through February 22, 2003. On December 15, 2002, Plaintiff applied for Long Term Disability ("LTD") benefits, alleging disability because of chronic pain, confusion, lack of short term memory, inability to follow directions, and falling asleep without warning. Plaintiff's LTD initial application was denied, as were Plaintiff's subsequent applications and administrative appeals.

In response, Plaintiff filed the instant action. On March 29, 2007, the Court granted Plaintiff's motion for summary judgment and denied Defendants' motion for summary judgment. In ruling for Plaintiff, the Court found that

> in light of the Plaintiff's various diagnoses, including, but not limited to, fibromyalgia and depression, in light of the effect Plaintiff's various prescribed medications had on Plaintiff's ability to work, and in light of the entire record as a whole, the Court finds that Plaintiff is totally disabled as defined by the Plan and that MetLife's conclusion that Plaintiff is not disabled was arbitrary and capricious.

[Doc. 45]. The Court ordered the parties to brief the issues of prejudgment interest and attorney's fees. The parties subsequently filed the instant motions and briefs, which are now ripe for adjudication.

## II. Motion for Attorney's Fees

Plaintiff moves the Court for an order requiring defendants to pay Plaintiff's reasonable attorney's fees and costs. Defendants oppose the motion, arguing that attorney's fees and costs are not warranted in this case.

Under ERISA, an award of attorney's fees is at the discretion of the district court. 29 U.S.C. § 1132(g)(1). The Sixth Circuit has established a five factor test for district courts to use in determining whether an award of fees is warranted: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons in similar circumstances; (4) whether the party requesting the fees sought to confer common legal benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. *Schwartz v. Gregori*, 160 F.3d 1116, 1119 (6th Cir. 1998). No single factor is determinative. *Id.*

### A. Degree of Culpability or Bad Faith

Defendants contend that they did not act in bad faith or with a great degree of culpability. Defendants argue that their consulting doctors relied on the fibromyalgia criteria established by the American College of Rheumatology and point out that those standards have been endorsed by other courts. *See Johnson v. Metropolitan Life Ins. Co.*, 437 F.3d 809, 814 (8th Cir. 2006). With regard to Plaintiff's diagnosis of depression, Defendants argue that they relied on the lack of abnormal mental status exams and neuropsychological testing. With respect to Plaintiff's medications, Defendants contend that the medications

were contraindicated for Plaintiff's medical condition and that, in the absence of those improperly prescribed medications, many of Plaintiff's problems would be resolved. Plaintiff counters that the Court found that Defendants acted arbitrarily and capriciously, thus they must have acted with some level of culpability and bad faith.

The Sixth Circuit has noted that fibromyalgia presents "no objectively alarming signs," and that it is an "elusive" and "mysterious disease." *Rogers v. Comm'r of Soc. Sec.*, No. 05-4369, 2007 U.S. App. LEXIS 12103, at *21 (6th Cir. May 24, 2007) (citations omitted). Given the elusive nature of the disease, and given the difficulty in diagnosing it, the Court does not find that the Defendants acted with bad faith or a high degree of culpability. Certainly, the Court has found that Defendants' decision was erroneous, arbitrary, and capricious, but that does not automatically equate to a finding of bad faith and culpability. Based upon the record as a whole, the Court finds that there is insufficient evidence of bad faith and culpability. Accordingly, this factor weighs in favor of Defendants and against an award of attorney's fees.

### B.   Ability to Satisfy an Award of Attorney's Fees

It is clear that defendant Metropolitan Life Insurance Company, a large insurance company, is capable of satisfying an award of attorney's fees. However, the Sixth Circuit has held that this factor "is weighed more for exclusionary, than inclusionary purposes." *Gribble v. Cigna Healthplan*, No. 93-6115, 1994 WL 514529, at *4 (6th Cir. Sept. 20, 1994). Accordingly, while this factor does not weigh against an award of attorney's fees, nor does it weigh heavily towards an award of attorney's fees.

4

### C. Deterrent Effect

The Sixth Circuit has held that an award of attorney's fees has the greatest deterrent effect in the presence of deliberate actions and bad faith. *See Maurer v. Joy Techs., Inc.*, 212 F.3d 907, 919 (6th Cir. 2000); *Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 937(6th Cir. 1996). Given the Court's finding that Defendants did not act in bad faith, nor with a high degree of culpability, the Court finds that an award of attorney's fees would not serve as a deterrent in the instant case. Accordingly, this factor weighs against an award of attorney's fees.

### D. Common Benefit or Resolution of Significant Legal Issue

Plaintiff concedes that "[t]his factor is somewhat inapposite to the present case, as this is an individual claim for benefits relying on what is already settled law." [Doc.50 at p. 3]. Plaintiff then argues that the fact that she was forced to litigate, even in light of that settled law, should weigh in favor of an award of attorney's fees. The Court agrees that the existence of law in support of Plaintiff's position should be considered, but the Court will consider that argument in the context of the fifth element, the relative merits of the parties' positions. Accordingly, the Court finds that Plaintiff's suit was brought on her own behalf, not to confer a common benefit, and was not brought to resolve a significant legal issue. This factor weighs in favor of Defendants and against an award of attorney's fees.

### E. Relative Merits of the Parties' Positions

As the Court noted in granting Plaintiff's motion for summary judgment, the Sixth Circuit has held that there are no objective tests for the diagnosis of fibromyalgia, nor has the

Sixth Circuit established as set number of trigger points for a valid diagnosis of fibromyalgia. [Doc. 45 at p. 21-22]. However, rather than following Sixth Circuit jurisprudence, Defendants relied on the jurisprudence of other Circuits that have adopted the American College of Rheumatology standards. This Court is bound by Sixth Circuit jurisprudence and accordingly finds that Defendants' reliance on the jurisprudence of other circuits was misguided in this instance. Given the Sixth Circuit jurisprudence noted by this Court in its memorandum opinion, the Court finds that Defendants' position was the least meritorious. Accordingly, this factor weighs in favor of an award of attorney's fees.

### F. Weight of the Factors

Having analyzed each of the factors, the Court finds that the first, third, and fourth factors weigh strongly against an award of attorney's fees, the fifth factor weighs strongly in favor of an award of attorney's fees, and the second factor leans slightly in favor of an award of attorney's fees. After weighing the relative merits of each factor in the instant case, the Court finds that the factors weigh most strongly against an award of attorney's fees. Accordingly, Plaintiff's motion for attorney's fees [Doc. 47] is **DENIED**.

### III. Motion for Benefits and Other Damages

Plaintiff has also moves the Court for an order awarding past due benefits and other damages, including pre-judgment interest. Plaintiff contends that she should be awarded past due benefits for the period of February 22, 2003, through the entry of judgment. Plaintiff further argues that she should be compensated for having elected to take an early retirement

pension in order to maintain her health insurance and then having to pay higher health insurance premiums. Plaintiff also seeks to have her life insurance policy reinstated in the amount she was carrying prior to her disability, $210,000, rather than the current amount of $140,000, as well as reimbursement for the life insurance premiums Plaintiff paid after her disability. Defendants oppose Plaintiff's requests.

### A. Long Term Disability Benefits

Plaintiff's last day of work was August 26, 2002. Plaintiff's 180 day elimination period ended on February 22, 2003. Under the Plan, Plaintiff was then entitled to benefits, paid at 60% of Plaintiff's pre-disability income, and reduced by Plaintiff's monthly Social Security Disability payment, for a period of twenty-four months if she could not earn more than 80% of her pre-disability earnings or indexed pre-disability earnings at her own occupation for any employer in her local economy. After the first twenty-four month period, Plaintiff would only be able to continue receiving benefits if she could not earn 60% of her pre-disability income in any occupation in the local economy she was reasonably qualified for.

Defendants contend that they have not yet ruled on whether Plaintiff qualifies for the "any employment" disability period, and that the case must be remanded to them for an initial determination. Plaintiff contends that equity demands that she be awarded benefits for the "any employment" period and that it would be patently unjust to force her to now go back and prove that she was disabled during a period that occurred two years prior. Plaintiff

7

contends that if Defendants had not erred in denying her LTD benefits in the first place, she would not now be in the untenable position of proving past disability.

The Sixth Circuit has held that "where the review of the medical evidence was arbitrary and capricious or unreasonable, the proper remedy is to retroactively grant benefits without remand." *Williams v. International Paper Co.*, 227 F.3d 706, 715 (6th Cir. 2000). The *Williams* court went so far as to order retroactive benefits beyond the scope of the administrative record. *Id*. at 715-16.

The Court has already found that, based upon the record, Plaintiff is disabled, and the Court also found that Defendants acted arbitrarily and capriciously in denying Plaintiff's claim for LTD benefits. In light of these rulings, the Court finds that the appropriate remedy is to award Plaintiff retroactive benefits through the date of the entry of final judgment. It was Defendant who erred in denying Plaintiff's claim, and Defendant should bear the burden of that error. Defendants may rule on the issue of Plaintiff's "other employment" qualification with regard to Plaintiff's future disability payments, but, for the purposes of past due benefits, the Court finds that Plaintiff is entitled to retroactive LTD benefits for the period of February 22, 2003, through the entry of final judgment without remand for a decision on Plaintiff's "other employment" qualification.

At the time of her disability, Plaintiff earned $5,825 per month. Plaintiff is entitled to monthly LTD disability payments equal to 60% of that amount, $3,495. This amount is reduced by Plaintiff's Social Security Disability payment of $1,475 per month, resulting in a monthly payment of $2,020.

### B. Other Benefits

Plaintiff also seeks retroactive reinstatement of other "collateral benefits" that are normally available to recipients of LTD benefits under the Plan. Defendant disagrees, arguing that ERISA does not allow for recovery of consequential loses.

Under ERISA, a plan participant may bring a civil action "to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). ERISA does not allow "recovery for . . . consequential losses." *Caffey v. UNUM Life Ins. Co.*, 302 F.3d 576, 583 (6th Cir. 2002). Under the terms of the Plan, Plaintiff was entitled to several other benefits, not just LTD benefit payments. Plaintiff was also entitled to continue her medical and dental coverage at employee rates, to continue her life insurance without payment of premiums, and to continue earning pension credits. [*See* Doc. 51, Attachment 3].

Given that Plaintiff was entitled to these "collateral benefits," and given that the Plan is a party to this action, the Court finds that the benefits in question do fall under the purview of ERISA, as they are benefits due to Plaintiff under the terms of the Plan. Additionally, the Court finds that, but for Defendants' erroneous decision to deny Plaintiff LTD benefits, Plaintiff would have been able to take advantage of the "collateral benefits." Plaintiff should not be denied any benefits available under the Plan because of Defendant's error. Accordingly, the Court finds that Plaintiff is entitled to reimbursement for the additional health insurance premiums she paid after her disability. Plaintiff is also entitled to

9

reimbursement for the life insurance premiums she paid subsequent to her disability, as well as having her life insurance reinstated at her pre-disability level of $210,000. Finally, Plaintiff shall be given the option of repaying all previously received early retirement pension payments in order to reinstate her eligibility for a normal pension retirement. Defendants shall provide Plaintiff with a detailed summary of the pension payments Plaintiff has received so that she may reimburse Defendants. Should Plaintiff elect to reimburse Defendants, Defendants shall retroactively apply the appropriate service credits from plaintiff's date of LTD eligibility.

## C. Pre-Judgment Interest

Plaintiff also requests pre-judgment interest. Pre-judgment interest is an equitable remedy that the Court may award in ERISA cases. *See Caffey*, 302 F.3d at 585. Under the circumstances of this case, the Court finds that pre-judgment interest is appropriate and will serve to compensate Plaintiff for the delay in receiving her benefits under the Plan. Both parties agree that the 52-week Treasury Bill interest rate is the appropriate rate and that the *Caffey* "stream-of-benefits" model is the appropriate method of calculating interest. However, as the 52-week Treasury Bill was discontinued, the Court shall instead use the one year treasury constant maturities rate.

Accordingly, the Court finds that Plaintiff is entitled to a rate of pre-judgment interest equal to the average monthly average of the one year treasury constant maturities rate for the period of February 22, 2003, through the date of final judgment. Plaintiff is also entitled to post-judgment interest in accordance with 28 U.S.C. § 1961.

## IV. Conclusion

For the reasons discussed above, Plaintiff's motion for attorney's fees [Doc. 47] is **DENIED**, while Plaintiff's motion for benefits and pre-judgment interest [Doc.50] is **GRANTED**. The parties are **DIRECTED** to file an agreed order of judgment within thirty (30) days of the entry of this order calculating damages in a manner consistent with this opinion and covering the period of February 22, 2003, through the date of the filing of the agreed order. If the parties cannot agree on the form of judgment, they shall instead file a joint statement setting forth those items as to which agreement has been reached and those which are in dispute, as well as the parties' position as to each disputed item.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE